**FILED**
**DECEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6897**

| | |
|---|---|
| Theresa Smith<br>PO Box 139<br>Channahon, IL 60410<br><br>　　　　Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc<br>c/o CT Corporation System, Registered Agent<br>208 S. LaSalle St, Suite 814<br>Chicago IL, 60604<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE KOCORAS**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**INVASION OF PRIVACY,**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. Between August 2007 and November 2007, Defendant telephoned Plaintiff's place of employment on numerous occasions in an effort to collect the debt.

10. During several of these communications, Plaintiff informed Defendant that she was not permitted to receive Defendant's calls at work and asked that Defendant refrain from calling her place of employment in the future, but Defendant continued to call.

11. On several occasions in or around October 2007, Defendant telephoned Plaintiff's supervisor's ("Supervisor") direct extension and left voice messages.

12. In each voice message referenced above, Defendant stated that the message was for Plaintiff and disclosed that Defendant was a debt collector.

13. Supervisor's voicemail greeting indicates that the caller has reached "Janet Stewart" and as such, Supervisor's direct line is clearly not an appropriate number on which to contact Plaintiff.

14. Supervisor has reprimanded Plaintiff about the frequency of these calls and Plaintiff's career has suffered as a result.

15. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

16. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collections Practices Act**

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and place known to be inconvenient for Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

32. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

33. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

34. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:___/s/ Jeffrey S. Hyslip_____
    Jeffrey S. Hyslip
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com