UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 07 C 6897 |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, NCO Financial Systems, Inc. (NCO), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. § 1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**ANSWER:** NCO admits the allegations contained in ¶ 1 of the Complaint for venue and jurisdictional purposes only, but denies any violation of law, liability or wrongful conduct as alleged.

### FACTS COMMON TO ALL COUNTS

2. The plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the averment, which has the effect of a denial.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

1168037.2

**ANSWER:** NCO admits that it is a national debt collection company. Except as specifically admitted, NCO denies the allegations contained in ¶ 3 of the Complaint.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**ANSWER:** NCO admits that when it acts as a "debt collector", it's conduct may be subject to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA). Except as specifically admitted, NCO denies the allegations contained in ¶ 4 of the Complaint.

5. The plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the averment, which has the effect of a denial.

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the averment, which has the effect of a denial.

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

**ANSWER:** NCO admits the allegations contained in ¶ 7 of the Complaint.

8. All of the defendant's action occurred within one year of the date of this Complaint.

**ANSWER:** NCO admits the allegations contained in ¶ 8 of the Complaint.

9. Between August 2007 and November 2007, defendant telephone plaintiff's place of employment on numerous occasions in an effort to collect the debt.

**ANSWER:** NCO admits that its records reflect that between August and November, 2007, NCO placed several telephone calls to a number NCO reasonably believed to be Plaintiff's workplace phone number in an attempt to lawfully collect the subject debt. Except as specifically admitted, NCO denies the allegations contained in ¶ 9 of the Complaint.

1168037.2

10. During several of these communications, plaintiff informed defendant that she was not permitted to receive defendant's calls at work and asked that defendant refrain from calling her place of employment in the future, but defendant continued to call.

**ANSWER:** NCO denies the allegations contained in ¶ 10 of the Complaint.

11. On several occasions in or around October 2007, defendant telephone plaintiff's supervisor's ("Supervisor") direct extension and left voice messages.

**ANSWER:** NCO denies the allegations contained in ¶ 11 of the Complaint.

12. In each voice message referenced above, defendant stated that the message was for plaintiff and disclosed that defendant was a debt collector.

**ANSWER:** NCO denies the allegations contained in ¶ 12 of the Complaint.

13. Supervisor's voicemail greeting indicates that the caller has reached "Janet Stewart" and as such, Supervisor's direct line is clearly not an appropriate number on which to contact plaintiff.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the averment, which has the effect of a denial.

14. Supervisor has reprimanded plaintiff about the frequency of these calls and plaintiff's career has suffered as a result.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the averment, which has the effect of a denial.

15. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

**ANSWER:** NCO denies the allegations contained in ¶ 15 of the Complaint.

16.   Defendant has damaged plaintiff emotionally and mentally and has caused substantial anxiety and stress.

**ANSWER:**   NCO denies the allegations contained in ¶ 16 of the Complaint.

17.   Defendant violated the FDCPA.

**ANSWER:**   NCO denies the allegations contained in ¶ 17 of the Complaint.

## COUNT ONE

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

18.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:**   In response to ¶ 18 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-17 above as if specifically stated herein.

19.   The defendant violated 15 U.S.C. § 1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

**ANSWER:**   NCO denies the allegations contained in ¶ 19 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

## COUNT TWO

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICE ACT

20.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:**   In response to ¶ 20 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-19 above as if specifically stated herein.

21. The defendant violated 15 U.S.C. § 1692c in that it contacted a third party more than once and is without justification for multiple contacts.

**ANSWER:** NCO denies the allegations contained in ¶ 21 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

## COUNT THREE

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** In response to ¶ 22 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-21 above as if specifically stated herein.

23. The defendant violated 15 U.S.C. § 1692c in that it contacted a third party and failed to comply with 15 U.S.C. § 1692b.

**ANSWER:** NCO denies the allegations contained in ¶ 23 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

## COUNT FOUR

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:**   In response to ¶ 24 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-23 above as if specifically stated herein.

25.   The defendant violated 15 U.S.C. § 1692f in that its actions were unfair and/or unconscionable means to collect a debt.

**ANSWER:**   NCO denies the allegations contained in ¶ 25 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

## COUNT FIVE

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

26.   Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:**   In response to ¶ 26 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-25 above as if specifically stated herein.

27.   The defendant violated 15 U.S.C. § 1692c by calling plaintiff at work after it was informed that plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

**ANSWER:**   NCO denies the allegations contained in ¶ 27 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

## COUNT SIX

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** In response to ¶ 28 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-27 above as if specifically stated herein.

29. The defendant violated 15 U.S.C. § 1692c by calling plaintiff at a time and place known to be inconvenient for plaintiff.

**ANSWER:** NCO denies the allegations contained in ¶ 29 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

## COUNT SEVEN

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** In response to ¶ 30 of the Complaint, NCO re-alleges and re-avers all of the answers and denials set forth in ¶¶ 1-29 above as if specifically stated herein.

31. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and/or private concerns or affairs of the plaintiff.

**ANSWER:** NCO denies the allegations contained in ¶ 31 of the Complaint.

32. Defendant intentionally caused harm to the plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

**ANSWER:** NCO denies the allegations contained in ¶ 32 of the Complaint.

33. Plaintiff has a reasonable expectation of privacy in plaintiff's solitude, seclusion, and/or private concerns or affairs.

**ANSWER:** NCO denies the allegations contained in ¶ 33 of the Complaint.

34. The intrusion by defendant occurred in a way that would be highly offensive to a reasonable person in that position.

**ANSWER:** NCO denies the allegations contained in ¶ 34 of the Complaint.

35. As a result of such invasions of privacy, plaintiff is entitled to actual damages in an amount to be determined at trial from defendant.

**ANSWER:** NCO denies the allegations contained in ¶ 35 of the Complaint.

WHEREFORE, Defendant, NCO Financial Systems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever and requests judgment in its favor and for costs so wrongfully sustained.

AND NOW, in further Answer to the Complaint, NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fails to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

In the event and to the extent that any violation(s) of the FDCPA is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant, NCO Financial Systems, Inc., respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, and for all other general and equitable relief.

Respectfully submitted,

/s/ *John M. Hynes*
John M. Hynes
CLAUSEN MILLER P.C.

JOHN M. HYNES
ARDC 3125659
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
312.855.1010
Attorneys for Defendant, NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

      Under penalties of perjury, I certify that the attached **ANSWER AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the U.S. District for the Northern District of Illinois, Eastern Division on February 12, 2008 on behalf of NCO Financial Systems, Inc. and a copy will be sent to the following party through the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

      Jeffrey S. Hyslip, Esq.
      LEGAL HELPERS, P.C.
      20 West Kinzie Street, Suite 1300
      Chicago, Illinois 60610
      (866) 339-1156


      /s/ *John M. Hynes*
      John M. Hynes


JOHN M. HYNES
ARDC 3125659
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL 60603-1098
312.855.1010
Attorneys for Defendant, NCO Financial Systems, Inc.

1168037.2